**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAI SHAN HUANG, | No.   13-73306 |
| Petitioner, | Agency No. A200-574-851 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Hai Shan Huang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for withholding of removal and protection

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Huang's and his witness's testimony regarding when they met and whether Huang attended a particular Falun Gong group practice session. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Huang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Huang's withholding of removal claim fails. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

Substantial evidence also supports the agency's denial of Huang's CAT claim because it was based on the same evidence found not credible, and Huang does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or

13-73306

acquiescence of the government if returned to China. *See Shrestha,* 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**